**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:03-CR-176 JCM |
| Plaintiff(s), | ORDER |
| v. | |
| IVAN GONZALEZ-CORPORAN, et al., | |
| Defendant(s). | |

Presently before the court is petitioner Hector Cirino's ("petitioner") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 160). The government filed a response (ECF No. 168), to which petitioner replied (ECF No. 171).

**I.   Background**

On April 15, 2003, petitioner was indicted in a two-count indictment charging armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and possession of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (ECF No. 1). On September 29, 2003, at a jury trial, petitioner was found guilty on both counts. (ECF Nos. 33, 35).

On December 22, 2003, petitioner was sentenced to 360 months in custody—276 months for the bank robbery and 84 months for the possession of a firearm during and in relation to a crime of violence to be served consecutively. (ECF Nos. 43, 48). Petitioner appealed the judgment on December 23, 2003. (ECF No. 47). On September 12, 2005, the Ninth Circuit affirmed the judgment of the district court in part and remanded to the district court to determine whether petitioner's prior convictions for robbery in Puerto Rico constituted "prior felony convictions" for purposes of the career offender enhancement under the sentencing guidelines. (ECF No. 84).

On remand, the district court resentenced petitioner to 360 months in prison. (ECF No. 91). On December 2, 2005, petitioner filed a notice of appeal (ECF No. 94), following which the Ninth Circuit affirmed the district court's ruling on July 27, 2007. (ECF No. 125).

On September 26, 2007, petitioner filed a 28 U.S.C. § 2255 motion to vacate. (ECF No. 129). The district court found the motion "untimely and without merit" on October 15, 2007. (ECF No. 130 at 4).

In the instant motion, filed on June 6, 2016, petitioner contends that—pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson*"), which can be applied retroactively—he does not qualify as a career offender, and that his sentence violates due process of law. (ECF No. 160).

**II.  Legal Standard**

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

**III.  Discussion**

In his § 2255 motion, petitioner argues that under *Johnson* he does not qualify for the United States Sentencing Guideline ("USSG") § 2K2.1 sentencing enhancement pursuant to his status as a career offender and that his sentence violates due process. (ECF No. 160). The court disagrees.

In *Johnson*, the United States Supreme Court held the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), to be unconstitutionally vague. 135 S. Ct. at 2557. In particular, the Supreme Court held that

"increasing a defendant's sentence under the clause denies due process of law." *Id*. The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year, that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another***.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The closing words emphasized above have come to be known as the ACCA's "residual clause." *Johnson*, 135 S. Ct. at 2555–56. *Johnson* is inapplicable here because petitioner was not sentenced under the ACCA's residual clause.

Nonetheless, petitioner argues that the court should apply *Johnson*'s holding to the instant case and find that the USSG § 4B1.2(a)'s residual clause is also unconstitutional because the two residual clauses are identical in language and because other circuits have held § 4B1.2's residual clause to be unconstitutionally vague. (ECF No. 160). The court, again, disagrees.

In *Beckles v. United States*, the United States Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." 137 S.Ct. 886, 895 (2017). In particular, the Supreme Court found, in relevant part, as follows:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id.* at 892.

Because the USSG's residual clause is not subject to a vagueness challenge under the due process clause, petitioner's argument fails.

Accordingly, because *Johnson* is inapplicable to the instant case, petitioner's § 2255 motion is untimely. Motions to vacate a sentence pursuant to § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The one-year period runs from the latest of—

(1) the date on which the judgment of conviction becomes final;

. . . .

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C. § 2255(f).

Judgment was entered on December 23, 2003 (ECF No. 48), which the Ninth Circuit affirmed on September 12, 2005. (ECF No. 84). Though petitioner did appeal the original judgment and on the judgment on remand, (*see* ECF Nos. 47, 94), he did not file the instant § 2255 motion to vacate until over a year later, on June 6, 2016 (ECF No. 160).

Accordingly, based on the foregoing, the court will deny petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**IV.     Certificate of Appealability**

The court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the court declines to issue a certificate of appealability.

## V. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner Hector Cirino's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 160) be, and the same hereby is, DENIED.

DATED July 5, 2017.

_____
UNITED STATES DISTRICT JUDGE