UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>HECTOR CIRINO,<br><br>Defendant(s). | Case No. 2:03-CR-176 JCM<br><br>ORDER |

Presently before the court is petitioner Hector Cirino's ("petitioner") motion for reconsideration. (ECF No. 177). The court finds no response necessary and further finds the motion properly resolved without oral argument. *See* LR 78-1.

This instant motion follows petitioner's sentence to 360 months in custody for the possession of a firearm during and in relation to a crime of violence on December 22, 2003. (*See* ECF No. 43, 48). On June 6, 2016, petitioner filed a motion to vacate, set aside, or correct his conviction pursuant to 28 U.S.C. § 2255. (*See* ECF No. 160). The court denied petitioner's motion to vacate on July 5, 2017. (ECF No. 176).

In the instant motion, petitioner argues that reconsideration of the court's July 5th order (ECF No. 176) is proper because "[t]his [c]ourt did not determine whether federal armed bank robbery remains a crime of violence under § 924(c) in light of *Johnson* [*v. United States*, 135 S. Ct. 2551 (2015)], and other controlling case authority." (ECF No. 177 at 4). Further, petitioner argues that "[t]he Ninth Circuit is poised to determine whether § 924(c)'s residual clause is void for vagueness in *United States v. Begay*, No. 14-10080 (9th Circ. Mar. 29, 2017), which is deferred pending the Supreme Court's ruling in [*Sessions v. Dimaya*, No. 15-1498, 2016 WL 3232911 (U.S.

**James C. Mahan**
**U.S. District Judge**

Sept. 29, 2016)]," concerning the vagueness of 18 U.S.C. § 16(b). (ECF No. 177 at 4). The court disagrees.

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b).

The Armed Career Criminal Act of 1984 ("ACCA") defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year, that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another***.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The closing words emphasized above have come to be known as the ACCA's "residual clause." *See, e.g.*, *Johnson*, 135 S. Ct. at 2555–56.

In *Johnson*, the United States Supreme Court held the ACCA's residual clause to be unconstitutionally vague as a statute fixing permissible sentences. 135 S. Ct. at 2557. In particular, the Supreme Court found that the ACCA's residual clause, where applicable, impermissibly fixed a higher sentence for certain defendants by requiring sentencing courts to increase a defendant's prison term from a statutory minimum of ten (10) years to a minimum of fifteen (15) years. *Id.*

Subsection (3) of § 924(c) defines the term "crime of violence" as an offense that is a felony and—

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

*Johnson* is inapplicable here because petitioner's sentence did not involve the ACCA's residual clause under § 924(e)(2)(B). Rather, petitioner was convicted pursuant to §

**James C. Mahan**
**U.S. District Judge**

- 2 -

924(c)(1)(A)(i) and (ii).  (*See* ECF No. 1).  Thus, petitioner's motion to vacate is time-barred by the statute of limitations.

Motions to vacate a sentence pursuant to § 2255 are subject to a one-year statute of limitations.  28 U.S.C. § 2255(f).  The one-year period runs from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because *Johnson* does not apply, petitioner is time-barred by the statute of limitations and unable to file a motion to vacate pursuant to 28 U.S.C. § 2255.  Judgment was entered on December 23, 2003 (ECF No. 48), which the Ninth Circuit affirmed on September 12, 2005.  (ECF No. 84).  Petitioner did appeal the original judgment and the judgment on remand, (*see* ECF Nos. 47, 94), but he did not file the instant § 2255 motion to vacate until over a year later, on June 6, 2016 (ECF No. 160).

Further, even if the Ninth Circuit were to rule that § 924(c)'s residual clause is void for vagueness in *United States v. Begay*, No. 14-10080 (9th Cir. Mar. 29, 2017), that ruling would have no effect on the outcome of petitioner's sentence.  As specified, the one-year statute of limitations is reestablished from "the date on which the right was initially recognized by the ***Supreme Court***," not the appellate court.  28 U.S.C. § 2255(f)(3) (emphasis added).  Thus, any treatment of § 924(c)'s residual clause will have no impact on petitioner's sentence, unless the Supreme Court makes a ruling.  The Supreme Court's ruling of the pending case *Dimaya* is inapplicable given that the Court is determining the vagueness of 18 U.S.C. § 16(b), not § 924(c).

Furthermore *Johnson* is inapplicable because not only was petitioner not sentenced pursuant to the ACCA's residual clause under § 924(e), but his sentence was appropriate without applying the residual clause under § 924(c)(3)(B).  Along with his conviction pursuant to § 924(c),

petitioner was convicted for one count of federal armed bank robbery pursuant to 18 U.S.C. § 2113(a) and (d). (ECF No. 33). Under subsection (d) of § 2113, a defendant is guilty of bank robbery if he "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(d). Petitioner was found guilty pursuant to § 2113(d), and meets the standard under § 924(c) as specified in subsection (3)(A) because he "use[d], attempted use, or threatened use of physical force against the person or property of another" when he carried "a silver colored handgun behind his back" during the bank robbery at the Silver State Bank. 18 U.S.C. § 924(c)(3)(A); PSR at 4. Accordingly, subsection (3)(B) is not necessary to convict petitioner—subsection (3)(A) is sufficient.

Thus, this court will deny plaintiff's motion for reconsideration pursuant to Rule 60(b).

Petitioner also requests that "[s]hould the court deny [petitioner's] Motion to Vacate, [petitioner] requests a certificate of appealability as to whether federal armed bank robbery remains a crime of violence under § 924(c)." (ECF No. 177 at 5–6). The court declines to issue a certificate of appealability.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion for reconsideration (ECF No. 177) be, and the same hereby is, DENIED.

DATED July 20, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**