UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:03-CR-176 JCM |
| Plaintiff(s), | ORDER |
| v. | |
| HECTOR CIRINO, | |
| Defendant(s). | |

Presently before the court is defendant Hector Cirino's supplemental compassionate release motion.  (ECF No. 223).  The government filed a response (ECF No. 231), and Cirino requested leave to file a reply in support that is in excess of 20 pages (ECF No. 234).  As explained below, the court GRANTS both of these motions.

**I.    Background**

This matter is before the court once more after a trip to the Ninth Circuit.  This court previously denied Cirino's motion for compassionate release (ECF No. 201), which Cirino appealed.  Cirino had argued for compassionate release on the basis that he was at high risk of death if reinfected with COVID-19 and due to the "substantial" changes in sentencing law since his original sentence.  (*See generally* ECF No. 201).  In denying the motion, this court did not consider the factors set forth in 18 U.S.C. § 3553(a), as it found that Cirino's proffered reasons were not "extraordinary and compelling."  (ECF No. 211, at 3).

Cirino argued on appeal that this court should have considered whether a change in sentencing law is an extraordinary and compelling reason for release.  (ECF No. 217, at 1–2).  The Ninth Circuit vacated the court's denial of compassionate release and remanded the matter with instructions for this court to "reassess" Cirino's motion in light of its intervening decisions in

*United States v. Roper*[1] and *United States v. Chen*.[2]  (*Id.* at 2).  In *Roper* and *Chen*, the Ninth Circuit held that district courts "may consider non-retroactive changes in sentencing law…when analyzing extraordinary and compelling reasons" for compassionate release.  (*Id.*).  But the Circuit Court also noted that it offers "no views as to the merits of Cirino's § 3582(c)(1)(A) motion."  (*Id.* at 2).

Turning to Cirino's original judgment, he was resentenced in 2003 to 360 months incarceration for one count of armed bank robbery (18 U.S.C. § 2113(a)) and aiding and abetting; and one count of possession of a firearm during and in relation to a crime of violence (18 U.S.C. § 924 (C)(1)(A)) and aiding and abetting (ECF No. 48).  This court applied the career offender enhancement under U.S.S.G. § 4B1.1, raising his guideline term of incarceration to close to the maximum statutory term.  (ECF No. 67-2, at 4).

Cirino appealed this court's application of the career offender enhancement,[3] but the Ninth Circuit affirmed. *United States v. Cirino*, 419 F.3d 1001, 1005 (9th Cir. 2005).  However, the Ninth Circuit remanded the matter on a limited basis in light of the Supreme Court's intervening decision in *Booker*, which made the sentencing guidelines advisory rather than mandatory.  *Id.*  On remand, this court imposed the same sentence and explained that it "would not have then and would not now impose a materially different sentence" than that advised in the sentencing guidelines.  (ECF No. 109, at 24).

Cirino has thus far served approximately 250 months of his sentence, with a projected release date in December of 2028.  (ECF No. 201, at 6; ECF No. 223, at 2).  He argues that if he were sentenced today, he would receive a sentence between 63 and 70 months, due to changes in sentencing law—specifically, to the career offender enhancement.  (ECF No. 201, at 21–22; ECF

---

[1] 72 F.4th 1097, 1099 (9th Cir. 2023).

[2] 48 F.4th 1092, 1098 (9th Cir. 2022).

[3] The career offender enhancement applies if the defendant is (1) at least 18 at the time he committed the instant offense, (2) the instant offense is a felony that is "either a crime of violence or a controlled substance offense," and (3) he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  USSG § 4B1.1 Career Offender (Nov. 2023).

James C. Mahan
U.S. District Judge

- 2 -

No. 223, at 9).  The parties have filed supplemental briefs on this matter, which the court considers in rendering its decision.  Cirino has exhausted his administrative remedies.

## II.   Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion for compassionate release and reduce his term of incarceration to time served.  Before filing such a motion, the defendant must first petition the Bureau of Prisons ("BOP") for compassionate release.  *Id.*  The court may grant the defendant's motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Id.*

To grant compassionate release, the court must consider whether: (1) "extraordinary and compelling reasons" warrant release; (2) release would be "consistent with applicable policy statements issued by the Sentencing Commission;" and (3) release is warranted under the "particular circumstances of the case" based on the factors outlined in 18 U.S.C. § 3553(a).  *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022).  "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds."  *Id.*

Under the most recent U.S. Sentencing Guidelines amendment, the following list of circumstances qualify as an "extraordinary and compelling reason" to warrant early release: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was a victim of abuse while serving his term of imprisonment; (5) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described above warrant compassionate release,"; and (6) "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)" if certain other conditions are met.  U.S.S.G. 1B1.13(b) (Nov. 2023).

The court need not "provide a lengthy explanation" for its decision on compassionate release so long as "context and the record reflect that [it] considered the defendant's substantive arguments and offered a reasoned basis" for its decision.  *Wright*, 46 F.4th, at 950 (citations

James C. Mahan
U.S. District Judge

omitted).  Ultimately, the decision to grant or deny compassionate release is within the district court's discretion, but the defendant bears the burden of establishing his eligibility for compassionate release.  *Id.* at 951; *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

**III.    Discussion**

As an initial matter, the court GRANTS Cirino's motion for leave to file a reply in support of his supplemental brief on remand in excess of 20 pages.  (ECF No. 234).  The government did not oppose this motion and the court therefore grants it under Local Rule 7-2(d).  The court has thus considered Cirino's reply in support of his supplemental brief. (ECF No. 235).

Before reassessing Cirino's motion, the court must first decide whether it should apply the pre- or post-November 2023 sentencing guidelines.  Applying the post-November 2023 guidelines forecloses nonretroactive changes to the guidelines as an extraordinary and compelling reason for compassionate release under Section 1B1.13(6).  The court finds that it must apply the sentencing guidelines currently in effect, but Cirino's motion is nonetheless granted under a different subsection of the sentencing guidelines—1B1.13(5).

A.    The court applies the current sentencing guidelines in effect.

The government argues that the court can no longer consider *Roper* and *Chen*, in light of the U.S.S.G.'s recent amendment.  (ECF No. 231, at 6–8).  The Ninth Circuit's remand was issued before the November 2023 amendment to the sentencing guidelines went into effect, which limited extraordinary and compelling reasons by defendant-filed motions to only those enumerated in Section 1B1.13(b).  Under the new Section 1B1.13(b), a nonretroactive amendment to the Guidelines Manual may not be considered an extraordinary and compelling reason for early release for defendant-filed motions.  The government avers that because Cirino is arguing for compassionate release due to a nonretroactive change to the sentencing guidelines, he does not qualify for compassionate release under the current guidelines.  (*Id.*).

Cirino responds that applying the amended guidelines (rather than the guidelines in effect at the time he filed his original motion, and the Ninth Circuit issued its remand) would "present an ex post facto issue" under USSG § 1B1.11(b).  (ECF No. 235, at 3–4).  Section 1B1.11(b)(1) provides that "[i]f the court determines that use of the Guidelines Manual in effect on the date that

the defendant is sentenced would violate the ex post facto clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed."

Before November 2023—under *Aruda*,[4] *Roper*, and *Chen*—courts could consider *any* extraordinary and compelling reason for release that a defendant might raise. But the United States Sentencing Commission adopted a new Section 1B1.13 policy statement (effective November 1, 2023), which limited extraordinary and compelling reasons for defendant-filed motions to only those circumstances enumerated in Section 1B1.13(b). The Ninth Circuit memorandum in this case was issued only a few weeks before the effective date—on October 19, 2023. (ECF No. 217).

The court finds that Section 1B1.11(b)(1) is not applicable here because it deals with ex post facto issues concerning a defendant's initial *sentence*. Cirino, as the party carrying the burden on a motion for compassionate release, has failed to provide the court with competent authority to support his position that those same ex post facto concerns apply to motions for compassionate release.[5] On the contrary, Ninth Circuit precedent suggests that no ex post facto concern exists so long as the defendant's punishment is not *increased* by applying the amended guidelines policy statement. *See United States v. Waters*, 771 F.3d 679, 681 (9th Cir. 2014).

The court further concludes that the relevant guidelines are those in effect at the time it adjudicates a defendant's motion for compassionate release, not those in effect at the time the motion is filed. This is supported by the Ninth Circuit's reasoning in *Roper*, wherein it explained that district courts are "bound by the Sentencing Commission's policy statement" when adjudicating motions for compassionate release. 72 F.4th at 1100–01. The circuit court then references the "current" policy statements for analysis. *Id.* at 1101. *Roper* therefore suggests that district courts' discretion on motions for compassionate release are limited by the policy statements

---

[4] The circuit court held that the pre-November 2023 guidelines were not an "applicable policy statement" for defendant-filed motions for compassionate release, and therefore did not limit extraordinary and compelling reasons to those enumerated in the guidelines. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

[5] Almost all the cases Cirino cites deal with ex post facto issues at sentencing—not on a motion for compassionate release. The one case he cites to support his position is a non-binding district court case from another circuit. (ECF No. 235, at 4–5).

in the sentencing guidelines in effect at the time of adjudication. This court's reasoning is supported by other district courts who have had occasion to consider the issue. *United States v. Arcila*, No. 3:14-cr-00267-HZ-3, 2024 WL 578688, at *2 (D. Or. Feb. 12, 2024) (collecting cases).

**B.** Cirino has established extraordinary and compelling reasons under Section 1B1.13(b)(5).

The current sentencing guidelines do not allow this court to consider nonretroactive changes to sentencing law as an extraordinary and compelling reason for release under USSG 1B1.13(b)(6). But Section 1B1.13(b)(5) allows the court to consider "*any other* circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." USSG 1B1.13(b)(5) (emphasis added). And, if a defendant "otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." USSG § 1B1.13(c).

Cirino argues that his age, medical condition, time already spent in custody, unusually long sentence, rehabilitation, and family support meet the requirements for release under Section 1B1.13(b)(5). (ECF No. 235, at 12–18). Cirino is 57 years old; suffers from asthma, chronic lower-back pain, and high blood pressure; has rehabilitated himself while in prison by working and taking educational courses; and has served approximately 250 months of his 360-month sentence. (*Id.* at 12–22). He argues that the combination of these circumstances qualifies as extraordinary and compelling reasons for compassionate release, and the court agrees.

Cirino has served more than 20 years in prison, which is twice the sentence length contemplated by the sentencing guidelines under both 1B1.13(b)(2) and 1B1.13(b)(5). His original sentence is also unusually long when compared to those sentenced for robbery in 2023, even after accounting for the career offender enhancement.[6] While incarcerated, he is unable to receive the

---

[6] In 2023, only 2.7% of defendants found guilty of robbery, with the career offender enhancement, were sentenced to a term of imprisonment of 25 to 30 years. United States Sentencing Commission, *Interactive Data Analyzer*,

1   care he needs for his combination of medical ailments and age.  (ECF No. 235, at 13; ECF No.

2   237).

3           Though rehabilitation is not sufficient, by itself, to warrant compassionate release—it may

4   be considered *in combination* with the above circumstances.    USSG 1B1.13(d).  Cirino has

5   incurred almost no serious infractions in his more than 20 years of incarceration.  (ECF No. 235,

6   at 15–16).  He has kept himself occupied in prison by working and taking various educational

7   courses, including completing his GED.  (ECF No. 223-3)  He also has community support and a

8   plan for reintegration if released, including a job offer and housing with this family.  (ECF No.

9   223 at 24–25; 235-3).  This circumstance, in combination with all those discussed above, "are

10  similar in gravity" to the extraordinary and compelling reasons enumerated in Sections

11  1B1.13(b)(1) through (4) of the Sentencing Guidelines and supports the court's finding of

12  extraordinary and compelling reasons for a sentence reduction under Section 1B1.13(b)(5).

13          Finally, if sentenced today, Cirino's Puerto Rican robbery convictions would not serve as

14  predicate offenses for the career-offender enhancement.   After the 2016 amendment to the

15  guidelines, felony robbery in Puerto Rico is no longer a "crime of violence" under the federal

16  guidelines.  *United States v. Castro-Vazquez*, 176 F. Supp. 3d 13, 21 (D.P.R. 2016).  Without the

17  career-offender enhancement, Cirino's sentence today would not likely be more than the time he

18  has already served.  (ECF No. 235, at 21).  Immediate release with a reduction in sentence to time

19  served is therefore appropriate.

20          C.      The Section 3553(a) factors support release.

21          The factors under Section 3553(a) include: "the nature and circumstances of the offense

22  and the history and characteristics of the defendant; the need for the sentence imposed; the kinds

23  of sentences available; the kinds of sentence and the sentencing range established in the

24  Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid

25  unwarranted sentence disparities among defendants with similar records who have been found

26  guilty of similar conduct; and the need to provide restitution to any victims."  *United States v.*

27  *Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citing 18 U.S.C. § 3553(a)(1)–(7)).

28  https://ida.ussc.gov/analytics/saw.dll?Dashboard (sorting for the crime of robbery and career
    offender stats).

James C. Mahan
U.S. District Judge

1       After considering the Section 3553(a) factors, the court finds that compassionate release is

2 warranted. Cirino is at low risk of recidivism, has a reintegration plan in place, does not appear to

3 be a danger to society, and has fulfilled all court-ordered financial obligations. (ECF No. 201, at

4 27). Having already spent decades in prison, and having served approximately 70 percent of his

5 sentence, the court finds that further time in prison will not serve the goals of sentencing or provide

6 any more deterrence than already exists. Cirino is granted compassionate release and his sentence

7 is reduced to time served, followed by a term of supervised release as ordered in his original

8 judgment.

9 **IV.    Conclusion**

10       Accordingly,

11       IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Hector Cirino's motion

12 for compassionate release (ECF Nos. 201, 223) be, and the same hereby is, GRANTED on remand,

13 consistent with the foregoing.

14       It is further ordered that Hector Cirino's motion for leave to file excess pages be

15 GRANTED. (ECF No. 234)

16       DATED April 15, 2024.

17

18                     UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 8 -